DaNxel, Judge.
The first question is, whether the plea of “justification,” is tobe considered as ajointor several plea. The defendants pleas, stand on the record, “ general issue and justification.” If from this entry the defendants are to be considered by the court as having pleaded jointly,, then the plea being bad as to Hyatt, must be bad as to the officer Howell. But if the loose practice of the courts, will authorize the defendants to consider the entry -on the record only of the head of pleas, to stand for either a joint or several plea, according as the case may turn out on the trial, then the execution was a complete justification as to Howell. We. are of opinion that such an entry as this on. the record must be taken as denoting that the defendants had pleaded *70 jointly. The profession, we learn, considers such an entry as j0™* pleading. The rules of pleading required by law, have keen to° n™ch neglected ; this Court cannot give counten-anee to any further relaxation.
The rules much ancf ho fur-atfon'wüf be^counte-
Where entry of a n°i probas twode-appears,S upon the record certified to to'ha-ve1^’ after thede judgment win,'upon appeaf be having" atthepro-per time,
. The second objection, taken by the defendant Hyatt, is, entry by the plaintiff of a nol. pros, as to Howell, was made after the judgment was entered, which in law could not be good. That, therefore, the entry should stand an<^ he considered as a retraxit of the action as to both the defendants. We think otherwise. The loose entries made on minutes in the progress of a cause during a Term, the whole of which in law is considered but as one day, are but memoranda from which the clerk at the end of the Term is to draw a-formal record of all the proceedings in the case which had taken place during the Term. The whole of this case even up †0 this time, still stands as we say upon the . . 1 ’ . , , * 1 . . minutes orín notes; or, as they say in England, it stands in Paper. There is, in the case, neitner an entry oh the re-corc*’ a f°rmal verdict, nol pros, or judgment, if the clerk had been required to put these proceedings in legal f°rr[1 upon the record, he would have transferred his notes, and drawn up the record as the Judge would have intended the proceedings of the Term in the case, should appear to the world. The clerk would then have placed the formal entry of nolpros. after the verdict, and before the formal entry of the judgment. The court must consider the record, as if it had been formally drawn out from the notes or minutes of the clerk; when, as we have seen, the clerk in doing his duty, would be expected to place every entry in its proper place. Thorefore the nol pros, as to Howell would be placed before a formal judgment.
The judgment must be affirmed.
Pek Curiam. Judgment affirmed.